IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSHUA FIELDS, )
)
      Plaintiff, )
)
  -vs- ) Civil Action No. 16-193
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
      Defendant. )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Joshua Fields ("Fields") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the ALJ's decision denying a claim for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-34, 1381-1383f. Fields alleges a disability beginning on May 15, 2013. (R. 23) He contends that he is disabled due to a number of mental impairments. Following a hearing which included a consultation with a vocational expert, the ALJ denied his claim, concluding that Fields had the residual functional capacity ("RFC") to perform certain tasks associated with unskilled positions such as a laundry worker, sorter and marker. (R. 30) Fields appealed. Pending are Cross Motions for Summary Judgment. See ECF Docket Nos. [16] and [18]. After careful consideration, the case is remanded for further consideration.

### Legal Analysis

1. <u>Standard of Review</u>

1

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler*, 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

    2. <u>Step Two Analysis</u>

As stated above, at the second step of the analysis, the ALJ must assess whether the claimant has a medically determinable impairment or combination of

2

impairments that is severe. 20 C.F.R. § 404.1520(a). An impairment is severe if it significantly limits a claimant's physical or mental ability to perform basic work activities. 20 C.F.R. § 404.1520(c); 20 C.F.R. § 1521(a). If the claimant is found to have a severe impairment, the analysis proceeds to the next step. Here, Fields contends that the ALJ oversimplified his analysis at this stage.

Specifically, the ALJ identified Fields as suffering from the severe impairments of "depression and mood disorder." (R. 26) Yet, as the ALJ himself acknowledged in the second step of the analysis, Fields was diagnosed with attention deficit hyperactivity disorder, poor impulse disorder, episodic mood disorder, cannabis dependence, bipolar disorder and depression. (R. 26-27) In failing to diagnose these additional impairments as "severe", Fields urges that the ALJ erred in his findings with respect to step two.

Although I find the ALJ's failure to distinguish between or among Fields's various diagnoses to be troublesome,[1] his argument must be rejected. The ALJ found that Fields had severe impairments that satisfied the *de minimis* criteria set forth at the second step of the analysis. Benefits were not denied at this stage. Because the ALJ found in Fields's favor at this juncture, the fact that he did not differentiate among different mental impairments constitutes harmless error. *See Salles v. Commr. of Soc. Sec.*, 229 Fed. Appx. 140, 145 n. 2 (3d Cir. 2007) (stating that, "[b]ecause the ALJ found in Salle's favor at Step Two, even if he had erroneously concluded that some of her other impairments were non-severe, any error was harmless."), *citing, Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005) and *Roberts v. Astrue*, Civ. No. 8-625, 2009 WL 3183084 (W.D. Pa. Sept. 30, 2009) (finding that, "[e]ven assuming that the ALJ

---

[1] I am unable, for instance, to discern whether the ALJ believed that the variety of diagnoses fell within the larger umbrella of "depression and mood disorder" or whether he simply rejected the various other diagnoses. He does not explain.

3

failed to include all of the Plaintiff's severe impairments at step two, this would be harmless error, as the ALJ did not make his disability determination at this step. Indeed, remand would not affect the outcome of this case and is not warranted."). Because the ALJ found in Fields's favor at step two, any alleged error was harmless and does not require reversal or remand.

   3. RFC Assessment

Fields also attacks the ALJ's residual functional capacity analysis. Fields suggests that the ALJ's failure to differentiate among the various mental impairments, indeed his seeming failure to even acknowledge the existence of some of those impairments, renders his RFC analysis inadequate. Additionally, Fields reasons, the ALJ's RFC analysis is based upon mere speculation and thus lacks substantial evidentiary support.  After careful consideration, I agree with both contentions.

In this case, the ALJ acknowledged that in making the RFC determination he was obligated to consider all impairments, even those he has found not to be severe. (R. 25) (stating, "[i]n making this finding, I must consider all of the claimant's impairments, including impairments that are not severe"). At step two of the analysis, the ALJ clearly identified numerous mental impairments, both severe and non-severe, that Fields struggled with. (R. 26-27, acknowledging that Fields had been diagnosed with attention deficit hyperactivity disorder, poor impulse control disorder, episodic mood disorder, cannabis dependence, bipolar disorder and depression)  Yet the ALJ's RFC analysis is devoid of reference to any of these conditions. Nowhere does the ALJ discuss the impact of Fields's uncontroverted mental impairments on his residual functional capacity. Without such a detailed analysis, I am unable to conduct a proper and

meaningful review. Consequently, remand is warranted for a full and proper analysis consistent with this opinion.

Additionally, Fields contends that the ALJ improperly reached his conclusions without the benefit of any medical expert's opinion. Here, the medical evidence of record was supplied by Dr. Sonaya Radfar and records from Chartiers Community MH / MR. In fact, the *only* opinion regarding Fields's residual functional capacity was supplied by Dr. Radfar.[2] The ALJ rejected this opinion. (R. 29) Thus, the ALJ made conclusions regarding Fields's RFC without any medical support. As I stated in *Terner v. Colvin*, Civ. No. 14-1603, * 2 (W.D. Pa. Aug. 13, 2015):

> [t]he ALJ, of course, must make the ultimate disability and RFC determinations. *See* 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c). "The [RFC] assessment is a medical one and must be determined on the basis of medical evidence." *Warfle v. Astrue*, 2011 U.S. Dist. LEXIS 150692 (M.D. Pa. May 5, 2011) "Rarely can a decision be made regarding a claimant's [RFC] without an assessment from a physician regarding the functional abilities of the claimant." *Gormont v. Astrue*, 2013 U.S. Dist. LEXIS 31765, at * 27 (M.D. Pa. 2013); *Goodson v. Colvin*, 2015 U.S. Distr. LEXIS 58100, 2015 WL 2065328 (W.D. Pa. May 4, 2015). As stated with respect to physical limitations, for example, "[o]nce the doctor has determined how long the claimant can sit, stand or walk … then the ALJ, with the aid of a vocational expert if necessary, can translate that medical determination into a residual functional capacity determination." *Gormont*, 2013 U.S. Dist. LEXIS 31765, at * 27 (quoting Carolyn A. Kubitschek & Jon C. Dubin, Social Security Disability Law and Procedure in Federal Courts, 287-88 (2011)). Thus:
>> If an administrative law judge makes a residual functional capacity assessment on the basis of his or her review of the evidence, including the medical records, without the benefit of an expert opinion from a physician or other qualified medical professional regarding the exertional abilities of a claimant, the administrative law judge has improperly substituted his or her own lay medical opinion for that of a physician or other qualified medical professional.
> *Warfle*, 2011 U.S. Dist. LEXIS 150692 at * 16.

---

[2] Douglas Schiller, Ph.D., reviewed Fields's files on behalf of the state agency, but found insufficient evidence to evaluate the claim. (R. 78-83) Fields had not attended an exam during the review process and records from other medical sources were not available. (R. 81) Therefore, there was no RFC opinion provided by a state agency physician.

5

*Terner v. Colvin*, Civ. No. 14-1603, 2015 WL 4873929 at * 2 (W.D. Pa. Aug. 13, 2015). Here, the ALJ determined that Fields had the residual functional capacity to perform a full range of work at all exertional levels provided that the following nonexertional limitations were in place: "only work in a stable low stress work environment where the individual does not have to perform more than routine, repetitive tasks that do not require contact with the general public; only occasional contact with coworkers and supervisor; no close contact with coworkers; and no rapid production pace." (R. 28) Yet there is no medical opinion of record supporting Fields's functional ability to perform work-related activities. Indeed, "[b]ecause no physician opined as to such limitations, it is unclear how the ALJ reached the conclusion, that [Fields] should be limited to a low-stress, stable environment, only simple work-related decisions, and only occasional interaction with the public." *Terner*, 2015 WL 4873929 at * 2. I am unable to discern how the ALJ arrived at the limitations in the RFC, particularly in light of the fact that in formulating the RFC he fails to reference many of the impairments Fields had been diagnosed with and which the ALJ previously acknowledged at step two of the analysis. "As suggested by caselaw, there may be cases in which the ALJ may make an RFC assessment without any medical opinion regarding a Plaintiff's functional capacity." *Id*. This case, which involves a claimant with a long history of psychiatric issues and multiple diagnoses, does not present one of those rare instances.

An ALJ must order a consultative examination where "such an examination is necessary to enable the ALJ to make the disability decision." *Thompson v. Halter*, 45 Fed. App'x. 146, 149 (3d Cir. 2002). On remand, the ALJ should further develop the

record in order to assure that the RFC is based on expert opinion. This development may, if appropriate, include a consultative exam.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSHUA FIELDS,)
)
    Plaintiff,)
)
 -vs-) Civil Action No. 16-193
)
CAROLYN W. COLVIN,)
COMMISSIONER OF SOCIAL SECURITY,)
)
    Defendant.)

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 13th day of February, 2017, it is hereby ORDERED that the decision of the ALJ is reversed. It is further ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 16) is granted and Defendant's Motion for Summary Judgment (Docket No. 18) is denied. This case is remanded for further proceedings consistent with the Opinion issued in conjunction with this Order.

                                       BY THE COURT:

                                       <u>/s/ Donetta W. Ambrose</u>
                                       Donetta W. Ambrose
                                       United States Senior District Judge